KURD NORDMANN, PLAINTIFF-APPELLANT, v. WINTHROP
M. JOHNSON, DEFENDANT-RESPONDENT.

Submitted May 26, 1939—Decided September 22, 1939.

For the plaintiff-appellant, *Fred Goldstein*.

For teachers' pension and annuity fund, *David T. Wilentz* and *Harry A. Walsh*.

The opinion of the court was delivered by

BODINE, J. The appeal in this case is from an order of the Supreme Court vacating a levy made against moneys, rights and credits in possession of the teachers' pension and annuity fund claimed to be the property of Winthrop M. Johnson, a former school teacher, and setting aside the execution under which the levy was made so far as it was applicable to such funds.

The teachers' pension and annuity fund became a party to the execution proceedings after the levy. The motion in the action under review was solely in behalf of the fund and without regard to any interests of Winthrop M. Johnson, who was the sole defendant in the proceeding prior to execution and levy.

Winthrop M. Johnson served as principal of the Woodrow Wilson High School of Weehawken, New Jersey, from March 1st, 1926, to February 3d, 1937. During that time he was a member of the teachers' pension and annuity fund, and as

required by the statute establishing the fund, compulsory deductions were made from his salary and were paid into the fund. When his services with the school system were terminated, he was entitled to demand the accumulated deductions standing to the credit of his individual account, plus interest fixed by statute. The levy in question was against such accumulated deductions.

The teachers' pension and annuity fund was created by chapter 80, *Pamph. L.* 1919, an amendment to the act establishing the public school system of the state. The title of the act is "An act to amend 'An act to establish a thorough and efficient system of free public schools, and to provide for the maintenance, support and management thereof,' approved October nineteenth, one thousand nine hundred and three." The act is now found in the *R. S.* 18:13-24. It appears from the preambles that the legislature established the pension fund in order to give teachers protection against the disabilities of old age.

The statute grants to the fund the powers and privileges of a corporation, but does not subject it to suit. Section 18:13-27.

The trustees consist of the commissioner of education, the state treasurer, one trustee appointed by the governor, three trustees elected from among the membership of the retirement system, and one trustee, not a teacher nor an officer of the state, elected by the other trustees. Section 18:13-29.

All persons whose appointment as teachers shall be made after the effective date of the act become members of the system by virtue of their appointment as teachers. Section 18:13-37.

Section 18:13-65 provides that a teacher who withdraws from the service or ceases to be a member of the system for any cause other than death or retirement shall be paid on demand the accumulated deductions standing to his or her credit.

State contributions are provided for by *R..S.* 18:13-80-90 and payments are made in the manner directed by *R. S.* 18:13-98. Annual reports showing the assets and liabilities of the fund are submitted to the governor. Section 18:13-100.

The state treasurer is the custodian of the several funds and they are also subject to the supervision of the Department of Banking and Insurance. Sections 18:13-104 and 18:13-105. The attorney-general is the legal adviser of the board of trustees. Section 18:13-99.

Section 18:13-110 expressly provides that the moneys in the various funds created by the act shall not be subject to execution, garnishment, attachment or any other process whatsoever. It is as follows: "The right of a teacher to a pension, an annuity, or a retirement allowance, to return of contributions, any benefit or right accrued or accruing to any person under the provisions of this article, and the moneys in the various funds created hereunder, are hereby exempt from any state or municipal tax, and shall not be subject to execution, garnishment, attachment or any other process whatsoever, and shall be unassignable except as in this article specifically provided."

The exemption provided is definite in its language and is but part of a wise policy to foster and encourage education and to protect in old age those who have devoted their lives to so important a public cause.

The fund is a personal privilege which the state holds solely for the teachers' benefit. The exemption deprives a teacher's creditor of nothing he ever possessed. Nor are we concerned with the teacher's conduct. The state in setting up a fund to provide for benefits and retirement for its teachers certainly may provide that the moneys in the fund shall "not be subject to execution, garnishment, attachment or any other process."

It is perfectly clear from a reading of the whole statute that the state has not only failed to authorize a levy upon the fund, but has expressly prohibited it.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.